# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK ODOMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2020** |
| **CRAIG WEBER, ET AL.** | **SECTION "H"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Derrick Odomes, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. He sued Sheriff Craig Weber, District Attorney Camille Morvant, II, Assistant District Attorney Stephen Caillouet, and Police Chief Craig Melancon. In this lawsuit, plaintiff claims that the defendants' actions in arresting and prosecuting him on a state criminal charge resulted in violations of his federal constitutional rights. As relief, he seeks monetary damages.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. Plaintiff's Claims

In his federal complaint, plaintiff alleges that he was arrested in 2007 for a murder committed in 1992 when he was fourteen years old. Although he does not so specify in the complaint, the arrest and prosecution at issue appear relate to the conviction recently affirmed in State v. Odoms [sic], 94 So.3d 166 (La. App. 1st. Cir. 2012). That opinion likewise concerns a murder which occurred in 1992, when plaintiff was fourteen years old, and states that plaintiff was indicted by a grand jury on September 26, 2007, and convicted of second degree murder on August 25, 2011. In the instant

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

lawsuit, plaintiff argues that his constitutional rights were violated as a result of the fifteen-year delay between the time the crime was committed and the date of his arrest.

A.  District Attorney Camille Morvant, II, and Assistant District Attorney Stephen Caillouet

Plaintiff claims that his rights were violated by District Attorney Camille Morvant, II, and Assistant District Attorney Stephen Caillouet when they opted to have plaintiff tried and sentenced as an adult.  Morvant and Caillouet are sued in both their official and individual capacities.

1.  Official-Capacity Claims

Plaintiff clearly has not stated a proper official-capacity claim against either Morvant or Caillouet.  "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities.  Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Id. at 470.

Regarding claims against such entities, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. *The description of a policy or custom and its relationship to the underlying*

4

> *constitutional violation, moreover, cannot be conclusory; it must contain specific facts.*

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted; emphasis added). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *6 (E.D. La. Aug. 17, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6.

In the instant case, plaintiff does not even allege that the purported violations here stemmed from an official policy or custom of the District Attorney's Office, much less identify such a policy or custom. Because no official-capacity claim has been properly stated, these claims against Morvant and Caillouet should be dismissed.

### 2. Individual-Capacity Claims

As to the claims against Morvant and Caillouet in their individual capacities, those claims are barred by the defendants' absolute prosecutorial immunity. Prosecutorial immunity protects them against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously,

5

wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Accordingly, the individual-capacity claims against Morvant and Caillouet must likewise be dismissed on that basis.[2]

### B. Sheriff Craig Weber and Police Chief Craig Melancon

Plaintiff also claims that his rights were violated by the decision of Sheriff Craig Weber and Police Chief Craig Melancon to arrest plaintiff and release his name to the media. However, those claims must be dismissed because they are prescribed. The claims accrued in 2007 when the arrest, indictment, and attendant events occurred. See Wallace v. Kato, 549 U.S. 384 (2007); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009). Plaintiff thereafter had only one year to bring these claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Accordingly, these claims

---

[2] Of course, depending on the facts, the claim against Morvant may fail for an even more basic reason. It is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Therefore, if Morvant was not personally involved in plaintiff's prosecution, the claim against him fails for that reason alone. Although Morvant is Caillouet's supervisor, a supervisory official cannot be held liable for the actions of his subordinate under any theory of vicarious liability in an action under §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). However, as noted, even if Morvant was personally involved in the prosecution, he is protected by absolute prosecutorial immunity.

were already prescribed when the instant lawsuit was filed several years later in 2012. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.[3]

---

[3] Even if these claims were not prescribed, they cannot proceed for other reasons. First, to the extent that plaintiff is suing Weber and Craig in their official capacities, a proper claim has not been stated. As previously noted, an official-capacity claim is in fact a claim against the entity of which an officer is an agent. Therefore, the official-capacity claims against Sheriff Craig Weber and Police Chief Craig Melancon are in reality claims against the local governmental entities they serve. However, as explained, to have an actionable claim against a local government entity, a plaintiff must allege that he was harmed by an official policy or custom of the entity and identify that policy or custom. Because plaintiff has not alleged that the purported violations here stemmed from an official policy or custom and identified such a policy or custom, his official-capacity claims are subject to dismissal on that basis.

Second, as to any individual-capacity claim against Weber or Melancon relating to plaintiff's arrest, prosecution, or imprisonment, those claims are currently barred by Heck v. Humphrey, 512 U.S. 477 (1994). Specifically, Heck bars those claims until such time as plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Wallace v. Kato, 549 U.S. 384, 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

Third, as to any individual-capacity claim against Weber or Melancon for revealing the fact of plaintiff's arrest, the Court assumes that plaintiff is attempting to assert some type of federal defamation claim. However, "injury to reputation alone does not give rise to section 1983 liability." Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990). Rather, "[f]or a reputational harm or stigma to be actionable under § 1983, the utterance must be coupled with a loss of or adverse effect on a person's legal status." Pasdon v. City of Peabody, 417 F.3d 225, 229 (1st Cir. 2005); see also Texas v. Thompson, 70 F.3d 390, 392 (5th Cir. 1995). Moreover, to prevail on such a claim, "a plaintiff must show that the stigma was caused by concrete, *false* factual assertions by a state actor." Thompson, 70 F.3d at 392 (emphasis added). An allegation of falsity is therefore a "prerequisite" to such a claim. Blackburn v. City of Marshall, 42 F.3d 925, 936 (5th Cir. 1995). To the extent that Weber or Melancon notified the media concerning the fact that plaintiff was arrested, that statement was obviously *true*: plaintiff was in fact arrested, and that arrest led to his current conviction. Because plaintiff has not even identified any other statements made by Weber or Melancon, much less alleged that the statements were false, he has not stated an actionable federal claim based on such statements.

7

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-eighth day of September, 2012.

                                         **DANIEL E. KNOWLES, III**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.